UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JEROME HEAVEN, JR.,

    Petitioner,

v.                                        Case No: 5:24-cv-662-JSS-PRL

ADVENT HEALTH CARE,

    Respondent.
_____/

**<u>ORDER</u>**

In November 2024, while incarcerated in a county jail, Petitioner, Jerome Heaven, Jr., filed a pro se petition seeking a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Soon thereafter, the court issued a standing order directing Petitioner to keep the court apprised of his current address. (Dkt. 2 at 4–5.) The standing order warned Petitioner that his failure to do so could "result in the dismissal of [his] case." (*Id.*) The standing order was mailed to the jail's address but came back marked "return to sender" and "released." (Dkt. 3 at 2 (emphasis omitted).) Soon after the standing order was returned, the court issued an order to show cause. (Dkt. 4.) The order to show cause directed Petitioner to explain why his case should not be dismissed for failure to keep the court apprised of his address, afforded him twenty-one days from the date of the order to respond, and warned him that his failure to submit a timely response would result in the dismissal of the case without further notice. (*Id.* at 1.) The order to show cause was mailed to Petitioner on January 13,

2025, and came back marked as before.  (Dkt. 5 at 2.)

Petitioner's deadline for responding to the order to show cause expired on February 3, 2025.  However, to date, Petitioner has not complied with the court's orders, explained his noncompliance, or requested an extension of time to comply. Thus, this case is **DISMISSED without prejudice** based on Petitioner's failure to comply with the court's orders and his failure to prosecute the case, and the Clerk is **DIRECTED** to enter judgment accordingly, terminate any pending motions and deadlines, and close this case.  *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."); *Lopez v. Aransas Cnty. Indep. Sch. Dist.*, 570 F.2d 541, 544 (5th Cir. 1978) ("Although the rule is phrased in terms of dismissal on the motion of the defendant, it is clear that the power is inherent in the court and may be exercised sua sponte whenever necessary to achieve the orderly and expeditious disposition of cases." (quotation omitted)).

**ORDERED** in Orlando, Florida, on February 19, 2025.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Unrepresented Party